**THE HARMAN FIRM, LLP**

Attorneys & Counselors At Law
www.theharmanfirm.com

February 7, 2017

**Via ECF**

Hon. P. Kevin Castel
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   **Re:** ***Bahr v. PNW Enterprises, LLC d/b/a New York Kids Club***
      **16 CV 1223**

Dear Judge Castel:

  We represent Plaintiff Mickey Bahr and write to submit the parties' joint letter, as the Court directed in its January 11, 2017 and February 6, 2017 Orders. Each party's counsel independently wrote their respective sections.

**Plaintiff's Section**

  Plaintiff has been diligently working with Defendant to address discovery disputes, and we have met and conferred on numerous occasions over the last four months, including in person on January 23, 2017, for approximately one hour. On February 3, 2017, Defendant produced some supplemental documents, producing others on a rolling basis on Monday, this morning, and this afternoon. Most of the documents were not Bates stamped and none were labeled corresponding with Plaintiff's document requests.

  Plaintiff and his counsel have started to review Defendant's supplemental productions, but, given that Defendant has only just produced the requested documents, cannot state with certainty that all deficiencies raised in Plaintiff's January 9, 2017 letter have been cured, and so Plaintiff reserves his right to raise additional deficiencies.

  That being said, Plaintiff has been able to narrow the disputes to the following areas.

1. *The Sales Goal and Organization Chart documents*

  The Sales Goal and Organization Chart documents provided are versions created after Plaintiff was terminated. Plaintiff requests that Defendant produce any records prior Plaintiff's termination. If no such records exist, Defendant must expressly say so.

2. *Termination Notification Letter*

In the Management Handbook produced by Defendant states: "The direct supervisor must utilize the Termination Notification Letter, the Exit Checklist and complete a Status Change Form in the event of a termination. All forms should be uploaded into Paylocity."
However, no documents were produced concerning the Exit Checklist and Status Change form. If these records exist, Defendant must produce them. If not, Defendant must confirm in writing that they do not exist.

3. *Plan of Action*

Page 88 of Defendant's Responses to Combined Discovery Demands mentions a document that supposedly details the Battery Park plan of action to become DOH compliant as Jennifer Simon and Plaintiff discussed. Again, now on page 137, John Grimmett states, "[A] plan of action was outlined on how to make the location compliant." No "plan of action" has been produced. If it exists, it must be produced. If not, Defendant must expressly state so.

Defendant's responses to these deficiencies are located in Defendant's section.

Also, in the final paragraph of Defendant's Section, Defendant's counsel "advises" the Court that it intends to supplement its October 26, 2016 letter concerning alleged deficiencies in Plaintiff's response to Defendant's interrogatories. Plaintiff wholly responded to that letter on November 7, 2016, and on November 8, 2016, Defendant's counsel sent a short email rejecting the adequacy of that response, without any explanation. Plaintiff's counsel responded to Defendant's email that same day, requesting clarification as to what Defendant's counsel took issue with. To date, Defendant's counsel has not clarified the basis on which it objects to Plaintiff's interrogatory responses. Defendant's counsel now raises the issue again—before providing Plaintiff with any clarification—in its section of this letter. Defendant has waited three months and should not be permitted to let a "dispute," of which Plaintiff does not have notice, to further delay the prosecution of this action. Plaintiff is preparing to depose Defendant's witnesses, on which Plaintiff's counsel served notices of depositions in October 2016.

**Defendant's Section**

Further to the Court's directive, the undersigned counsel for Defendant met at the office of Plaintiff's counsel. Plaintiff's lead counsel, Walker Harman, Esq., was not present at the conference. During the conference, Edgar Rivera, Esq. and the undersigned reviewed the demands and the prior production. The undersigned was and is of the opinion that the initial production responded to the demands as originally written. However, mindful of Court's desires to avoid disputes over discovery issues, and in an effort to keep this matter focused on the merits, I asked Mr. Rivera to identify those categories of documents which he felt were deficient. Mr. Rivera identified the following categories of documents.

1. schedules;

Hon. P. Kevin Castel
February 7, 2017
Page 3 of 4

      2. sales initiatives;
      3. sales records;
      4. sales instructions;
      5. performance plans;
      6. communications about performance plans;
      7. organizational charts;
      8. operations instructions;
      9. sales goals;
      10. management handbook;
      11. meeting notes;
      12. emails;
      13. Google Chat correspondence;
      14. Documents showing the hours Plaintiff worked for Defendant; and
      15. Documents concerning Defendant's investigation of complaints made by Plaintiff.

      A supplemental submission of documents that were responsive to the foregoing categories of documents were provided on February 3, 2017 by agreement between counsel. Defendant was unable to have the affidavit of the Defendant executed prior to the submission, so in an effort to move discovery along, the responsive documents were provided together with the advice that the affidavit was forthcoming. In fact, this affidavit was provided by the next business day.

      Plaintiff immediate began to complain about the supplemental documents without specificity, and concerning the affidavit provided. The undersigned is of the opinion that the original affidavit is in compliance with the directives set forth in <u>Zachary v. Shah</u>, No. 08 Civ. 3138, 2008 WL 5429636 (S.D.N.Y. Dec. 22, 2008). Again, in an effort to avoid unnecessary motion practice, the undersigned had Defendant execute a substantially more detailed affidavit concerning the nature of the searches performed, and the result of those searches. During the writing of this joint letter, Plaintiff's counsel has unequivocally represented that it has no issue concerning the completeness of the supplemental affidavit.

      Turning to the complaints set forth above, Plaintiff has raised the same *for the first time* yesterday February 6, 2017 at 2:32pm. In response, I wrote to Mr. Rivera: "Are these the totality of your complaints? I do not want to continue with the back-and-forth and ask that you confirm that upon receiving responses to the foregoing inquiries - not deficiencies - that your discovery demands will have been satisfied." In response to the foregoing, Mr. Rivera replied: "We can't make the representation at this time." What is plain from the foregoing exchange is that Plaintiff plans to continue to make complaints, attempting to create a false record that Defendant is not complying with discovery, which is patently untrue.

      Plaintiff's above claimed deficiencies are addressed as follows:
Claim:
1. *The Sales Goal and Organization Chart documents*

      The Sales Goal and Organization Chart documents provided are versions created after Plaintiff was terminated.  Plaintiff requests that Defendant produce any records prior Plaintiff's termination.  If no such records exist, Defendant must expressly say so.

Response:    The Sales Goal and Organization Chart were not created after Plaintiff was terminated. If Plaintiff's counsel is referring to the "properties" tab of the document, that is the date the document was renamed, saved and sent to the undersigned in response to Plaintiff's discovery demands.

Claim:
2. *Termination Notification Letter*

In the Management Handbook produced by Defendant states: "The direct supervisor must utilize the Termination Notification Letter, the Exit Checklist and complete a Status Change Form in the event of a termination.  All forms should be uploaded into Paylocity."
However, no documents were produced concerning the Exit Checklist and Status Change form.  If these records exist, Defendant must produce them.  If not, Defendant must confirm in writing that they do not.

Response:    Plaintiff has been provided with all documents responsive to the demand and has now received two (2) affidavits confirming the same. In an effort to avoid motion practice, the undersigned will further investigate the foregoing complaint just received.

Claim:
3. *Plan of Action Was*

Page 88 of Defendant's Responses to Combined Discovery Demands mentions a document that supposedly details the Battery Park plan of action to become DOH compliant as Jennifer Simon and Plaintiff discussed.  Again, now on page 137, John Grimmett states, "[A] plan of action was outlined on how to make the location compliant." No "plan of action" has been produced.  If it exists, it must be produced.  If not, Defendant must expressly state so.

Response:    Plaintiff has been provided with all documents responsive to the demand and has now received two (2) affidavits confirming the same. In an effort to avoid motion practice, the undersigned will further investigate the foregoing complaint just received.

Separate from the foregoing, the Court is advised that on October 26, 2016, the Defendant's counsel wrote to Plaintiff's counsel concerning deficiencies in its response to Interrogatories served. Plaintiff's counsel finally responded on November 7, 2016, but the issues raised therein remain unresolved. Defendant's counsel intends to supplement the deficiency letter in the hopes that Plaintiff's counsel will fully respond and avoid the need to contact the Court concerning the foregoing.

Respectfully submitted,

*[signature]*

Walker G. Harman, Jr.

cc: Lloyd J. Weinstein, Esq. (via ECF)