# THE WEINSTEIN GROUP, P.C.

6800 JERICHO TURNPIKE, SUITE 112W • SYOSSET, NEW YORK 11791• TEL: 516-802-5330 • FAX:-516-802-5332

February 27, 2017

The Hon. Judge P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Bahr v. PNW Enterprises, LLC d/b/a
                  New York Kids Club
                  16 CV 1223

Dear Judge Castel:

      This office represents Defendant, PNW Enterprises, LLC d/b/a New York Kids Club. I am writing in response to the letter just filed by Plaintiff's counsel.

      As was pointed out in the motion concerning the collective action, Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. Valerio v. RNC Indus., LLC, 2016 U.S. Dist. LEXIS 37098, at 7, *citing*, Myers v. Hertz Corp., 624 F.3d 537, 544-45 (2d Cir. 2010). "First, the court determines whether the proposed class members are 'similarly situated.'" (Valerio, *supra* (*quoting* McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442 [S.D.N.Y. 2012]); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008); Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001). If the court decides in the affirmative, then the proposed class members must consent in writing to be bound by the result of the suit, or "opt-in." (McGlone, 867 F. Supp. 2d at 442; *See* 29 U.S.C. 216(b)). *"The second step, **which typically occurs after the completion of discovery**, requires the court to make factual findings whether the class members are actually similarly situated."* (Valerio, *supra* at 8, *citing*, Rosario v. Valentine Ave. Discount Store, Co., 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011))(emphasis supplied).

      Plaintiff's counsel's letter confirms that discovery has not been completed, and in fact has just been extended, making any Decision of the Court timely and the Plaintiff's communication with the Court superfluous.

                                                    Respectfully,

                                                    THE WEINSTEIN GROUP, PC

                                                    LLOYD J. WEINSTEIN, Esq.
                                                    (Rule 130-1.1a) (NYS Tech Law §304(2))