UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICKEY BAHR, on behalf of himself and those
similarly situated individuals,

                    Plaintiff,                    16-cv-1223 (PKC)

       -against-                    MEMORANDUM
                                                        AND ORDER

PNW ENTERPRISES, LLC d/b/a NEW YORK
KIDS CLUB,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Mickey Bahr moves for the conditional certification of a collective action in this case brought pursuant to the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. § 216(b). Defendant PNW Enterprises, LLC ("PNW") provides children's programming at ten locations in New York City. (Richardson Dec. ¶¶ 3-5.) According to Bahr, he and approximately 29 other location managers employed by PNW were not paid the overtime wages required by the FLSA. For the purposes of this motion, the Court assumes that the FLSA's wage-and-hours laws apply to location managers employed by PNW.

        Because Bahr has not made a modest factual showing that other location managers were similarly situated, his motion for conditional certification is denied.

        "The FLSA permits employees to create a collective by opting-in to a backpay claim brought by a similarly situated employee. 29 U.S.C. § 216(b). The unique FLSA collective differs from a Rule 23 class because plaintiffs become members of the collective only after they affirmatively consent to join it." Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2016). Certification of a collective action is determined by a two-step method.

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010).  A plaintiff moving for certification must make a "modest factual showing" of similarly situated employees, which "cannot be satisfied simply by 'unsupported assertions.'" Id.  At the same time, plaintiffs are held to "a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id.

"At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs.  The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." Id.

Bahr states that he was employed by PNW from January 20, 2014 through November 9, 2015.  (Bahr Dec. ¶ 3.)  After being promoted to the job title of "location manager" in December 2014, he was responsible for selling PNW's classes and providing customer service at one of the ten PNW locations.  (Bahr Dec. ¶¶ 4-5.)

Bahr states that location managers were "frequently required" to work evenings and weekends, and to miss lunch breaks.  (Bahr Dec. ¶ 14.)  As a result, he states that he regularly worked between 49 and 55 hours per week but that he was never paid overtime wages.  (Bahr Dec. ¶¶ 15, 19.)  He states that while employed at PNW, he never saw postings that advised employees of their rights under the FLSA or the New York Labor Law – presumably at the branch where he served as location manager.  (Bahr Dec. ¶ 18.)

According to Bahr, PNW employed approximately 29 location managers across ten different branch locations. (Bahr Dec. ¶¶ 16-17.) He asserts that PNW failed to pay other location managers overtime wages. (Bahr Dec. ¶ 19.)

Bahr has not made the minimal showing that other "similarly situated" employees were denied overtime wages by PNW. See Myers, 624 F.3d at 555. His declaration contains no observations concerning the wages, hours worked or experiences of PNW's other 29 location managers. He does not describe the wage-and-hour practices of any PNW locations, aside from his own experiences at the unidentified location that he managed. Bahr's sole statement concerning the circumstances of other location managers is the conclusory assertion that "PNW failed to pay me and other Location Managers overtime wages for time worked excess of forty (40) hours a week." (Bahr Dec. ¶ 19.) This statement is not supported by observations or conversations that describe the circumstances of Bahr's fellow location managers.

In his reply submissions, Bahr annexes four anonymous internet postings that purport to be from current and former PNW employees, which describe an unhappy and poorly managed workplace. One of these reviews, dated September 15, 2016, complains that employees are expected to work "late nights" and "outside events" without recognition or additional compensation, but the remaining posts make no reference to a denial of overtime compensation. (Walker Dec. Ex. E.) The Court affords some weight to this post, but it is limited in light of its anonymity and the absence of additional evidence in support of Bahr's motion.

Although "the bar for conditional certification of a collective action under the FLSA is low, it is not this low." Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) (Forrest, J.). Bahr has offered no evidence to show that his hours and pay reflect a common practice imposed on other location managers at other PNW branches. See

id. at *1-2 (denying conditional certification when movant submitted only vague and conclusory assertions of common practices across three restaurant locations); She Jian Guo v. Tommy's Sushi Inc., 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (denying conditional certification when "[p]laintiffs' submissions do not contain any allegations regarding, for example, the specific hours worked by, or the amounts paid to, other employees."); Mata v. Foodbridge LLC, 2015 WL 3457293, at *3, 4 (S.D.N.Y. June 1, 2015) (denying conditional certification when plaintiff's "brief declaration" "includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions.")  (Ramos, J.).

Because Bahr has not made a modest factual showing that other PNW location managers were similarly situated, his motion is DENIED.  The Clerk is directed to terminate the motion.  (Docket # 42.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 1, 2017