UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICKEY BAHR, on behalf of himself and those
similarly situated individuals,

                    Plaintiff,                16-cv-1223 (PKC)

    -against-                          ORDER

PNW ENTERPRISES, LLC d/b/a NEW YORK
KIDS CLUB,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/17

        Plaintiff moves for reconsideration of this Court's Memorandum and Order denying a motion for conditional certification as a collective action in under the Fair Labor Standards Act ("FLSA"). Bahr v. PNW Enterprises, LLC, 2017 WL 816140 (S.D.N.Y. Mar. 1, 2017). His motion is denied.

        Bahr sought conditional certification as a collective action of approximately 29 employees with the job title of "location manager," who were employed across defendant's ten branch locations in New York City. Id. at *2. After summarizing Bahr's declaration, the Court observed:

> Bahr has not made the minimal showing that other "similarly situated" employees were denied overtime wages by PNW. See Myers, 624 F.3d at 555. His declaration contains no observations concerning the wages, hours worked or experiences of PNW's other 29 location managers. He does not describe the wage-and-hour practices of any PNW locations, aside from his own experiences at the unidentified location that he managed. Bahr's sole statement concerning the circumstances of other location managers is the conclusory assertion that "PNW failed to pay me and other Location Managers overtime wages for time worked excess of forty (40) hours a week." (Bahr Dec. ¶ 19.) This statement is not supported

> by observations or conversations that describe the circumstances of Bahr's fellow location managers.

Id.

Bahr now moves for reconsideration of the Memorandum and Order, pursuant to Local Civil Rule 6.3. (Docket # 73.) Bahr contends that this Court overlooked allegations in the Complaint that described a common policy of refusing to pay overtime rates for work performed in excess of 40 hours per week. (Docket # 74 at 3-6.) Bahr also points to the declaration of Gary Richardson, the defendant's Chief Operating Officer, which was originally submitted by defendant in support of a withdrawn motion to dismiss. (Id.)

These purportedly overlooked materials do not support conditional certification.

The allegations cited in the Complaint are directed to whether plaintiff was a covered employee under the FLSA and whether he was subject to retaliation after inquiring about payment for a missed meal break. (Compl't ¶¶ 24-50.) They do not go toward whether similarly situated plaintiffs were denied compensation, and the only allegations concerning the denial of overtime pay are limited to plaintiff's personal experiences. (Compl't ¶¶ 39 ("At PNW's request, Mr. Bahr regularly worked over forty (40) hours per week . . . .") 40 ("PNW failed to pay him for those hours worked above forty (40) per week.") 41 ("As such, Plaintiff is entitled to damages . . . .") (emphasis added)).

Plaintiff's reliance on the Richardson Declaration is also unavailing. The declaration was originally submitted in support of defendant's motion to dismiss, which defendant withdrew. (Docket # 33, 36.) The declaration describes the job requirements of location managers and the plaintiff's own work history with the defendant. (Richardson Dec. ¶¶ 1-39.) Its only statements concerning wages or hours is an assertion that location managers worked 39.5 hours a week, and the assertion that location managers are eligible for bonuses and

are paid negotiable salaries that may exceed a base rate. (Richardson Dec. ¶ 8, 12.) The Richardson Declaration makes no assertions that go toward a common policy to deny overtime pay or otherwise violate the FLSA, and, in fact, asserts that pay was individually negotiable.

Lastly, plaintiff points out that a single affidavit consisting of a plaintiff's own personal observations may provide a sufficient record to grant conditional certification. See, e.g., Sanchez v. El Rancho Sports Bar Corp., 2014 WL 1998236, at *2 (S.D.N.Y. May 13, 2014) (descriptions of a common policy to deny compensation "based on . . . personal experiences and observations, [plaintiff's] conversations with other waitresses and dancers, and statements allegedly made by [a defendant]" were "sufficient to establish a factual nexus" between plaintiffs and other waitresses and dancers) (Abrams, J.). As noted in the Memorandum and Order, plaintiff has failed to describe any conversation or non-conclusory observation that any other location manager was denied overtime pay in violation of the FLSA. 2017 WL 816140, at *2.

Plaintiff's supporting memorandum states that he "did not observe other PNW Location Managers actually working, since there was only one Location Manager per site . . . ." (Docket # 74 at 3.) However, plaintiff still has the burden to make a modest factual showing that other similarly situated employees were denied the protections of the FLSA.

Plaintiff's motion for reconsideration is DENIED. The Clerk is directed to terminate the motion. (Docket # 73.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 3, 2017